IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James G. Blakely,<br>*a.k.a James Gatewood Blakely,*<br>*a.k.a. Jimmy G. Blakely*;<br><br>      Plaintiff,<br><br>vs.<br><br>Dr. Moore;<br>Nurse Enloe, A.;<br>Warden M. McCall;<br>A/W S. Claytor;<br>Dr. Amonitti, G.;<br>Warden McCabe,<br><br>      Defendants. | ) C/A No. 5:12-01214-TMC-KDW<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Report and Recommendation<br>) for Partial Summary Dismissal<br>)<br>)<br>)<br>)<br>) |

James G. Blakely ("Plaintiff"), a self-represented state prisoner, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)DSC. Plaintiff, who is incarcerated at Lieber Correctional Institution, files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the undersigned concludes that it should be summarily dismissed without prejudice and without issuance and service of process as to Defendants Enloe, McCall, Claytor, and Amonitti. In a separately docketed order, the undersigned has authorized service against Defendants Moore and McCabe.

**<u>Pro Se Review</u>**

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), and in light of the following precedents: *Denton v. Hernandez*, 504

U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 631 n.1 (4th Cir. 2003). Even under this less stringent standard, the Complaint filed in this case is subject to partial summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B), which requires a court to dismiss a case in which a litigant seeks to proceed *in forma pauperis* at any time it determines the action is frivolous or fails to state a claim on which relief may be granted. *Weller v. Dep't of Soc. Serv.,* 901 F.2d 387, 391 (4th Cir. 1990).

**Background**

The Complaint alleges that Nurse A. Enloe confiscated Plaintiff's walking cane "per Dr. Moore's order" at Perry Correctional Institution on November 22, 2011. ECF No. 1 at 3. Defendant Enloe instead issued Plaintiff a walker, but allegedly failed to provide Plaintiff instruction on how to properly use the device. *Id.* Plaintiff further complains that Defendants Enloe and Moore "ignored the fact that Plaintiff was not on a ground floor and [ ]would have to go up and down stairs with the walker." *Id.* at 3,6. The same day Defendant Enloe confiscated the walking cane, Plaintiff "slipped causing [him] to lose balance and [fall] over the walker and down the stairs." *Id.* at 3. Plaintiff claims that he injured his back, neck, and shoulder, however, Defendant Enloe denied medical treatment after the fall. *Id.* at 3-4. Plaintiff also alleges that Defendant Moore discontinued

2

some of Plaintiff's medications "without ever examining Plaintiff's medical condition." *Id.* at 9. The Complaint indicates that Plaintiff was taken to the Special Management Unit (SMU) on November 23, 2011, and transferred to Lieber Correctional Institution on November 28, 2011. *Id.* at 5.

Warden McCall is named in the Complaint for failing to stop Defendant Enloe from "giving Plaintiff a walker." *Id.* at 6. Plaintiff further alleges that Defendant McCall ordered the steps, down which Plaintiff fell, to be painted with paint which is "slippery when wet." *Id.* Associate Warden (A/W) S. Claytor allegedly conspired with Defendant Enloe to deny Plaintiff medical treatment and have Plaintiff transferred to a different prison in an attempt to "cover-up" wrongdoing. *Id.* at 7. Plaintiff also asserts that Defendants Claytor, McCall and Enloe attempted to "make sure that Plaintiff did not get any witnesses or evidence concerning the fall." *Id.* at 8.

Upon arrival at Lieber Correctional Institution, Dr. Amonitti examined Plaintiff and requested medical x-rays of Plaintiff's back, neck and shoulders. *Id.* at 9. The Complaint alleges that Plaintiff should be housed on the ground floor of the institution, and on a bottom bunk, per orders from medical staff. *Id.* at 10. However, Plaintiff is currently confined in an area that requires him to climb stairs. *Id.* Plaintiff claims that he has complained to Warden McCabe, who indicated that Plaintiff's room assignment is based on security concerns. *Id.* Plaintiff further complains that he is allowed to use restroom facilities only once per hour. *Id.* at 11. Because Plaintiff has no chair in his cell, he is allegedly "forced to lay down an hour or stand an hour," causing back and leg pain. *Id.* The Complaint states that Defendant McCabe has been informed of Plaintiff's medical needs, "only to be ignored." *Id.* at 12. Plaintiff seeks monetary damages. *Id.* at 13.

**Analysis**

A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

As an initial matter, Plaintiff has filed a previous civil action in this court against Defendants Enloe, McCall, and Claytor,[1] alleging the same claims raised in the present Complaint. *See James Gatewood Blakely v. Michael McCall, et al.*, C/A No. 5:12-00410-MBS-KDW (D.S.C. Feb. 13, 2012) ("the Previous Action").[2] As in the present Complaint, Plaintiff's previous action alleges that Defendant Enloe substituted a walker for Plaintiff's walking cane on November 22, 2011. ECF No. 1-1 in C/A No. 5:12-410-MBS-KDW, at 8. In the Previous Action, Plaintiff also claims that Defendant Enloe provided no instruction to Plaintiff regarding use of the walker, *id.* at 11, and refused Plaintiff medical attention after his fall, *Id.* at 9. The Previous Action further alleges deliberate indifference to Plaintiff's medical needs by Defendants Claytor and McCall, and that all three Defendants retaliated against Plaintiff by transferring him to Lieber Correctional Institution subsequent to the accident. *Id.* at 10, 14.

---

[1] This individual is listed on the court's docket in Plaintiff's prior case as S. Clayton. Plaintiff's handwriting could also be interpreted as S. Claytor. In any event, S. Clayton/S. Claytor is identified in both cases as the Associate Warden at Perry Correctional Institution.

[2] A district court may take judicial notice of materials in the court's own files from prior proceedings. *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992); *Fletcher v. Bryan*, 175 F.2d 716 (4th Cir. 1949).

"[D]istrict courts are not required to entertain duplicative or redundant lawsuits, [and] may dismiss such suits as frivolous pursuant to § 1915(e). Generally, a lawsuit is duplicative of another one if the parties, issues and available relief do not significantly differ between the two." *Cottle v. Bell*, No. 00-6367, 2000 WL 1144623 at *1 (4th Cir. Aug. 14, 2000) (citations omitted); *see also Aziz v. Burrows*, 976 F.2d 1158 (8th Cir. 1998). The issues presented in the instant Complaint against Defendants Enloe, Claytor, and McCall are currently being addressed in Plaintiff's pending Previous Action. Because these duplicative claims are frivolous, they should be summarily dismissed in the interests of judicial economy and efficiency. *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) ("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time."). Therefore, Defendants Enloe, Claytor, and McCall are entitled to summary dismissal from this case.

The instant pleading also names three Defendants, Moore, Amonitti, and McCabe, who are not parties to Plaintiff's Previous Action. Thus, Plaintiff's claims against these Defendants, although similar to those raised in the previously filed civil action, are not subject to summary dismissal as a duplicative lawsuit. *See Cottle*, 2000 WL 1144623 at *1 ("Because the complaints name different defendants, we find that they are not duplicative of each other, even though they both raise similar issues and seek similar remedies."). The Complaint alleges that Defendants Moore, Amonitti, and McCabe have been deliberately indifferent to Plaintiff's medical needs. Plaintiff provides sufficient factual information to withstand summary dismissal of his claims against Defendants Moore and McCabe. However, as discussed below, Plaintiff fails to state a cognizable § 1983 claim against Defendant Amonitti.

5

With respect to medical care, a prisoner in a § 1983 case "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference also "requires that a prison official actually know of and disregard an objectively serious condition, medical need, or risk of harm." *Rish v. Johnson*, 131 F.3d 1092, 1096 (4th Cir. 1997) (citation omitted). The Complaint states that Dr. Amonitti examined Plaintiff upon his arrival at Lieber Correctional Institution in November of 2011. ECF No. 1 at 9. Plaintiff indicates that Defendant Amonitti requested medical x-rays of Plaintiff's back, neck and shoulders. *Id.* However, Plaintiff provides no facts to indicate that Defendant Amonitti was in any way deliberately indifferent to Plaintiff's health, medical needs, or safety. Because Plaintiff's allegations against Defendant Amonitti fail to rise to the level of deliberate indifference to a serious medical need, he is entitled to summary dismissal from this case.

## **Recommendation**

Accordingly, it is recommended that Defendants Enloe, McCall, Claytor, and Amonitti be dismissed from this case without prejudice and without issuance and service of process.

IT IS SO ORDERED.

June 4, 2012  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).