# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James G. Blakely, <br> a.k.a. James Gatewood Blakely, <br> a.k.a. Jimmy G. Blakely; <br><br> Plaintiff, <br><br> v. <br><br> Dr. Moore; Nurse Enloe, A; Warden M. McCall; A/W S. Claytor; Dr. Amonitti, G; Warden McCabe, <br><br> Defendants. | C/A No. 5:12-01214-MBS-KDW <br><br><br><br> REPORT AND RECOMMENDATION |

Plaintiff James G. Blakely is a state prisoner who brought this civil rights action pro se pursuant to 42 U.S.C. § 1983. This matter comes before the court on Plaintiff's Motion for Preliminary Injunction filed on August 13, 2012. ECF No. 33. Defendants filed a response to Plaintiff's Motion on August 16, 2012. ECF No. 34. Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review pretrial matters in cases involving pro se litigants and submit findings and recommendations to the district court.

In his Motion for Preliminary Injunction, Plaintiff requests that the court enjoin "the defendants, their successors in office, agents and employees, and all other persons acting in concert and participation with them, from retaliating by placing plaintiff in SMU, PHD, and Cell restricting [sic] on false charges and from hindering plaintiff's assigned jobs and educational programs." ECF No. 33 at 2. Plaintiff also argues that he is being improperly held in SMU without any charges and requests that the court order "defendant A/W Thompson and A/W McFadden" to immediately release Plaintiff. *Id.*

"[P]reliminary injunctions are extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." *MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001) (internal citations and quotation marks omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008).

Defendants oppose Plaintiff's motion arguing he has not demonstrated entitlement to an injunction as Plaintiff fails to satisfy the four factors for a preliminary injunction and cannot establish the likelihood of success on the merits or irreparable harm. Defendants argue that Plaintiff is no longer in SMU but has been transferred to the general population at McCormick Correctional institution.[1] *See* ECF No. 34. Defendants also contend that Plaintiff is seeking relief from Associate Warden McFadden and Associate Warden Thompson, who are not defendants in this action, and who Plaintiff "on his own initiative substituted them in the case caption." *Id.* at 1. Defendants finally argue that Defendants McCabe and Moore are no longer employed by SCDC or no longer work at Lieber Correctional Institution and have no involvement with Plaintiff's placement in SMU. *Id.*

The undersigned finds Plaintiff's motion for injunctive relief must fail and recommends denying his motion. Plaintiff does not discuss any of the factors *Winter* requires that he prove, and only generally claims he should receive the requested equitable

---

[1] At the time Plaintiff filed his Motion for Preliminary Injunction he was housed at Lieber Correctional Institution. On August 22, 2012, Plaintiff filed a Notice of Change of Address noting that he was transferred to McCormick Correctional Institution on August 14, 2012. *See* ECF No. 38.

relief.  Plaintiff has not explained how he will be irreparably harmed absent relief, nor has he shown that he is likely to succeed on the merits.  Further, he does not reference the public interest at all.

Plaintiff has failed to establish the elements necessary to demonstrate the need for a preliminary injunction. Based on the foregoing, it is recommended that Plaintiff's Motion for a Preliminary Injunction, ECF No. 33, be denied.

   IT IS SO RECOMMENDED.

August 28, 2012                                               Kaymani D. West
Florence, South Carolina                         United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**