IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

James G. Blakely; )
a.k.a. James Gatewood Blakely; )
a.k.a. Jimmy G. Blakely, )
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)　Civil Action No.: 5:12-cv-1214-RMG
　　　　　　　Plaintiff, )
　　　　　　　　　　　　　　　　　　　　　)
v. )
　　　　　　　　　　　　　　　　　　　　　)　**ORDER**
Dr. Moore and Warden McCabe, )
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Defendants. )
　　　　　　　　　　　　　　　　　　　　　)

　　　　This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge recommending that this Court dismiss this action with prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure due to Plaintiff's failure to timely respond to Defendants' motion for summary judgment. (Dkt. Nos. 48, 61). For the reasons set forth below, the Court dismisses this action as to Defendant McCabe without prejudice and grants Defendants' motion for summary judgment (Dkt. No. 48) as to Defendant Moore.

**Background**

　　　　Plaintiff, a prisoner currently housed at the McCormick Correctional Institution in McCormick, South Carolina, filed this matter *pro se* on May 3, 2012. (Dkt. No. 1). As the basis of his claim, Plaintiff asserts a violation of his constitutional rights arising out of medical care he received at both Lieber Correctional Institution and at Perry Correctional Institution, where Plaintiff was previously housed. (Dkt. No. 1 at 3-12). Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC, this case was referred to a United States Magistrate Judge for all pretrial proceedings. On June 4, 2012, the Magistrate Judge issued an R&R recommending that Defendants Enloe, McCall, Claytor, and Amonitti be dismissed from the case without prejudice.

1

(Dkt. No. 14). On August 20, 2012, the Court issued an order concurring with and adopting the R&R. (Dkt. No. 35). The remaining Defendants, McCabe and Moore, filed a motion for summary judgment on September 26, 2012. (Dkt. No. 48). The Court advised Plaintiff via a *Roseboro* order dated September 27, 2012, of the importance of responding to Defendants' motion. (Dkt. No. 49). On November 7, 2012, the Court gave Plaintiff a deadline of November 26, 2012, to file a response to Defendants' motion. (Dkt. No. 57). When Plaintiff failed to meet this deadline or respond to the Court in any way, the Magistrate Judge issued an R&R on November 28, 2012, recommending that Plaintiff's case be dismissed with prejudice for failure to prosecute. (Dkt. No. 61). On November 29, 2012, Plaintiff filed both an objection to the R&R (Dkt. No. 63) and a response in opposition to Defendants' motion for summary judgment (Dkt. No. 64). Defendants then filed replies to Plaintiff's response and objections (Dkt. Nos. 65, 66) and Plaintiff filed a sur-reply (Dkt. No. 67).

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. This recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made. Additionally, this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those

facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "When determining whether the movant has met its burden, the court must assess the documentary materials submitted by the parties in the light most favorable to the nonmoving party." *Id.* The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has made this threshold determination, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the nonmoving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002).

## Law/Analysis

As an initial matter, Plaintiff, in his objection to the R&R, states that he "will at this time voluntarily withdraw his complaint against Warden McCabe." (Dkt. No. 63 at 8). Defendants, in their reply to Plaintiff's objection, also ask that Plaintiff's request as to Defendant McCabe be granted. (Dkt. No. 65 at 1). The Court will construe Plaintiff's words as a motion to dismiss his action with respect to Defendant McCabe pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, and hereby dismisses the action as to Defendant McCabe without prejudice.

The Court next addresses Plaintiff's claims against the only remaining Defendant, Dr. Moore. Plaintiff alleges that his constitutional rights were violated when Dr. Moore, the Medical Director of the South Carolina Department of Corrections, issued a directive in November 2011 that all walking canes were to be collected by medical personnel and walkers issued in their place. (Dkt. No. 1 at 3). Plaintiff asserts that, prior to this policy change, he used a walking cane

and that a walker is inadequate for his purposes. After reviewing the arguments and materials submitted by the parties, the Court finds that Defendant Moore is entitled to summary judgment in his favor.

While in custody, a prisoner has certain rights under the Fourteenth and Eighth Amendments, including the right to receive adequate medical care. *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239 (1983). "Deliberate indifference by prison personnel to an inmate's serious illness or injury is actionable under 42 U.S.C. § 1983 as constituting cruel and unusual punishment contravening the Eighth Amendment." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990). However, "[t]o establish that a health provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Id.*

In the present case, Plaintiff argues that Defendant Moore is liable under this high standard. After reviewing the record, the Court disagrees. Plaintiff was issued a walker as a substitute for a walking cane, and while Plaintiff clearly believes that Defendant Moore should have allowed him to retain his walking cane as a treatment for his medical condition, the Constitution "does not guarantee to a prisoner the treatment of his choice." *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988); *see also Nelson v. Shuffman*, 603 F.3d 439, 449 (8th Cir. 2010) ("[A] prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation.") (internal citation omitted). After reviewing the record, the Court finds that Plaintiff has failed to establish a genuine issue of material fact as to whether Defendant Moore was deliberately indifferent to Plaintiff's serious medical need.

Furthermore, although inmates have certain rights with respect to medical care, prison officials may enact restrictions on these rights when the policies at issue are "'reasonably related to legitimate penological interests.'" *United States v. Stotts*, 925 F.2d 83, 85-86 (4th Cir. 1991) (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)); *see also Overton v. Bazzetta*, 539 U.S. 126, 131 (2003) (noting that "[m]any of the liberties and privileges enjoyed by other citizens must be surrendered by the prisoner. An inmate does not retain rights inconsistent with proper incarceration."). Moreover, the Supreme Court in *Bell v. Wolfish* stated that "[m]aintaining institutional security and preserving internal order and discipline are essential goals that may require limitation or retraction of the retained constitutional rights" of inmates. *Bell*, 441 U.S. 520, 546 (1977). Dr. Moore's decision to substitute walkers for canes was a department-wide directive initiated in response to reports of specific instances where canes had been used as weapons. (Dkt. No. 48-2 at 1-2). Dr. Moore further asserted that it was his medical opinion that walkers provided greater stability for users because of the four points of contact with the ground. *Id.* Based on the record, it is clear that the policy concerning walking canes was reasonably related to prisoner safety and security, a legitimate penological interest.

## Conclusion

For the reasons set forth above, the Court DISMISSES this action as to Defendant McCabe without prejudice, and GRANTS Defendants' motion for summary judgment (Dkt. No. 48) as to Defendant Moore.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

March 12, 2013
Charleston, South Carolina

5